IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,588-01






EX PARTE ELECEO GUADALUPE LUNA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W09-00305-S(A) IN THE 282ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and
sentenced to twenty-one years' imprisonment. The Fifth Court of Appeals affirmed his conviction.
Luna v. State, No. 05-09-00618-CR (Tex. App.-Dallas Nov. 10, 2010) (unpublished).

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he advised applicant to reject plea bargain offers, guaranteeing him that he would win at trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from trial counsel, responding to Applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. Specifically, the trial court shall make findings addressing
whether counsel guaranteed Applicant he would prevail at trial, advising him to reject plea offers
"since he would beat the state, and applicant would be found not guilty in a trial by jury." The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: June 13, 2012

Do not publish